FILED

2012 AUG 20 PM 4:01

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Sixth Circuit Court-Nashville DIVISION

Jo Ann Jones

Name of Plaintiff

v.

Metropolitan Nashville Public Schools

Name of Defendant(s)

Case No. ______
(To be assigned by Clerk)

Jury Demand ☑ Yes ☐ No

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2. Plaintiff, Jo Ann Jones, is a citizen of the United States and resides at

605 North 32nd Street — Fort Smith
Street address — City

Sebastian — AR — 72903 — (615) 268-0458
County — State — Zip Code — Telephone Number

3. Defendant, Jesse Register, Director resides at, or its business is located at

2601 Bransford Avenue — Nashville
Street address — City

Davidson — TN — 37204
County — State — Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

Dr. Brenda Steele, Associate Superintendent for Elementary Schools, 2601 Bransford Avenue, Nashville, TN 37204

Deltina Braden, Principal, 3703 Park Avenue, Nashville, TN 37209

4. Plaintiff sought employment from the Defendant or was employed by the Defendant at

3703 Park Avenue — Street address; Nashville — City

Davidson — County; TN — State; 37209 — Zip Code

5. Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of this Complaint on or about April (Month) 25 (Day) 2011 (Year).

6. Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission charging the Defendant with the acts of discrimination indicated in paragraphs 8 and 9 of this Complaint on or about August (Month) 26 (Day) 2011 (Year).

7. The Equal Employment Opportunity Commission or the United States Department of Justice issued a Notice of Right to Sue which was received by Plaintiff on May (Month) 23 (Day) 2012 (Year), a copy of which Notice is attached.

8. Because of Plaintiff's (1) x race, (2) ____ color, (3) ____ sex, (4) ____ religion, (5) ____ national origin, the Defendant:

a. ___ failed to employ Plaintiff.

b. ___ terminated Plaintiff's employment.

c. ___ failed to promote Plaintiff.

d. ___ retaliated against Plaintiff for having filed a charge of discrimination.

e. X other. Explain: Plaintiff received a discriminatory and unsatisfactory evaluation. Principal Braden also failed to follow proper protocol before labeling teacher unsatisfactory which is recommended by the state.

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

During the 2010-2011 academic school term, Plaintiff received unsatisfactory or low evaluation marks for minor infractions while non-African Americans received verbal warnings and high evaluation marks for committing similar or worse offenses. Principal also labeled Plaintiff as incompetence and refused to acknowledge three sets of MNPS data which refuted her stance. Principal and Plaintiff are both African Americans which simplified the district's position of refusing to intervene.

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a. ___ are still being committed by Defendant.

b. X are no longer being committed by Defendant.

c. ___ may still be being committed by Defendant.

11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a.____ direct that Defendant employ Plaintiff, or

b.____ direct that Defendant re employ Plaintiff, or

c. ____ direct that Defendant promote Plaintiff, or

d. ____ order other equitable or injunctive relief: ____

e. ____ direct that Defendant pay Plaintiff back pay in the amount of ____ and interest on back pay:

f. ____ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: ____

g. X direct that Defendant pay Plaintiff punitive damages in the amount of $2,500,000.00 because Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to Plaintiff's federally protected rights, as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may be appropriate, including costs and attorney's fees.

(Signature of Plaintiff)

Jo Ann Jones
August 20, 2012
EEOC Charge No. 494-2011-02060

**Continuation of Question 9:**

9. Circumstances under which Defendant discriminated against Plaintiff were as follows:

Each occurrence is from the 2010-2011 school term.

- Principal Deltina Braden falsified a disrespect allegation, as well as other misconduct offenses, in reference to a Grade Speed Presenter at Park Avenue Enhanced Option School. Patricia Steinmann, the Grade Speed Presenter, stated she was prevented from speaking with the EEOC investigator by her supervisor. However, she had informed her supervisors and Plaintiff that the disrespect allegation against the Plaintiff was false. The incident was used to lower and/or find Plaintiff unsatisfactory.

- Carol Elmore, a non-African American, falsified Plaintiff's grades of students with Individualized Education Plans, but her evaluation was not labeled developing or unsatisfactory. This offense was in direct violation of the Educational Agreement because it is considered as fraud. Carol Elmore also disrespected an African American coach, Mrs. Lane; in a fourth grade workshop in the presence of teachers, coaches, and Mrs. Elmore did not receive low marks.

- Joseph Behling, a non African American, disrespected Plaintiff in the presence of students because he refused to continue working with a student who exhibited discipline challenges. Mr. Behling did not receive low or unsatisfactory evaluation marks, but Plaintiff was written up for allegedly disrespecting a non-African American.

- Hannah Heidel, a non-African American, neglected her teaching responsibilities for about month before she was discovered. Mrs. Heidel did not receive low or unsatisfactory evaluation marks while Plaintiff was given low marks for sending workbooks in an untimely manner. Mrs. Heidel was given a letter of recommendation for her next job.

- Principal Deltina Braden did not investigate or question Plaintiff in reference to an allegation of disrespect to her former in-laws before Plaintiff was issued an automatic written reprimand. Mrs. Lisa Brumfield, a non-African American, was given two warnings about excessive tardiness before she was written up.

- Plaintiff reported falsified disrespect allegations and grade changing to Principal Deltina Braden, Kay Stafford; Principal's supervisor, Dr. Brenda Steele; Associate Superintendent for Elementary Schools, Dr. June Keel; Human Resource Superintendent, Scott Lindsey; new Humans Resource Manager, Craig Otis; Human Resource Director, and the school board on July 12, 2011 which included Dr. Register, Director of Schools.

- Plaintiff also reported discrimination in district exit interview on June 2, 2011. Plaintiff did not receive evidence of non-African American evaluations which prove disparate treatment until September 2011. Plaintiff requested a copy of Principal Deltina Braden's 2010-2011, but it was not made available to her.

- Principal also failed to follow protocol from the Tennessee Department of Education pertaining to labeling teachers unsatisfactory.

- Plaintiff also reported TCAP testing irregularities at Park Avenue Enhanced Option during the week of April 13th-19th of 2011. Report was made to the TN Department of Education.

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Jo Ann Jones**
**605 N. 32nd Street**
**Fort Smith, AR 72903**

From: **Nashville Area Office**
**220 Athens Way**
**Suite 350**
**Nashville, TN 37228**

RECEIVED
MAY 23 2012
TEA Legal Services

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **494-2011-02060** | **David J. Smith, Investigator** | **(615) 736-5928** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Sarah L. Smith,
Area Office Director

MAY 22 2012
*(Date Mailed)*

Enclosures(s)

cc: **METRO NASHVILLE PUBLIC SCHOOLS**
**Attn: Mary E. Johnston, Esq.**
**Department of Law**
**P.O. Box 196300**
**Nashville, TN 37219-6300**

**Kate Curlee, Esq.**
**TENNESSEE EDUCATION ASSOCIATION**
**801 Second Avenue North**
**Nashville, TN 37201**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***