IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JO ANN JONES )
)
v. ) NO. 3-12-0860
) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT )
OF NASHVILLE/DAVIDSON )
COUNTY )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 75), Plaintiff's Objections thereto (Docket No. 76), and Defendant's Response to Plaintiff's Objections (Docket No. 78). Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation and the file.

The Court agrees with Plaintiff that the Magistrate Judge's standard of finding that a reasonable jury *would* conclude that Plaintiff's conduct was more serious than the four comparators' conduct is stated incorrectly[1] and that expert testimony is not required to prove that comparators are "similarly-situated."[2] Nonetheless, the Court finds that, even so, the four comparators were not "similarly-situated" because, among other things, Plaintiff was a probationary employee and at least three of the four others were not.[3] *See, e.g.,* Docket No. 58-4, ¶ 4 and Docket No. 69, ¶¶ 15-16.

---

[1] In determining whether there is a genuine issue of fact for trial, the Court must decide whether a reasonable jury *could* return a verdict for the non-moving party, not whether a reasonable jury *would* find for the moving party on a particular issue. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

[2] The Court can find nothing in the Report and Recommendation that holds that such expert testimony is required.

[3] Plaintiff disagrees with Ms. Braden's testimony that all four comparators were tenured and asserts that Ms. Heidel was a third-year probationary teacher. Even if Ms. Heidel was not tenured, however, Plaintiff has not shown that Ms. Heidel's one alleged infraction was

Although the parties and the Magistrate Judge refer to the adverse employment action at issue as the termination of Plaintiff's employment, the employment action at issue was actually the failure to renew Plaintiff's contract, which is a different (but nonetheless still adverse) employment action.

The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Defendant's Motion for Summary Judgment (Docket No. 58) is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot, and the Clerk is directed to close the file.

The jury trial set for January 27, 2015, and the pretrial conference set for January 16, 2015, are canceled. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

                                                             _____
                                                             TODD J. CAMPBELL
                                                             UNITED STATES DISTRICT JUDGE

---

substantially similar to Plaintiff's six to eight (Plaintiff denies some in part) infractions and misconduct over the course of a school year.